IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:CR-07-146-01** |
| **v.** | : | |
| **RAYVON WILLIAMSON** | : | |

# **M E M O R A N D U M**

## I. <u>Background</u>

Before the court is a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence filed by Defendant (hereinafter "Petitioner") in the captioned matter. On March 31, 2009, an administrative order with notice of limitations of filing of motions under 28 U.S.C. § 2255 was issued to Petitioner. Petitioner elected to proceed on the motion as filed. Service of the petition was ordered on the Respondent and a response has been filed. No reply has been filed and the matter is ripe for disposition.

## II. <u>Discussion</u>

In essence, Petitioner claims ineffective assistance of counsel in the following areas: (1) counsel advised Defendant not to take an appeal; (2) counsel failed to object to an allegedly erroneous guideline calculation; and (3) miscellaneous conclusory claims such as failure to advise of status of his case, unanswered questions, and presentencing assistance was lacking. These issues will be discussed below.

### A. Law Concerning Ineffective Assistance of Counsel

The United States Supreme Court has established a two-part test for determining when assistance of counsel is ineffective. See *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, the petitioner must show his/her counsel's errors were so egregious as to render counsel's performance constitutionally defective–that is, outside the "wide range of professional assistance." *Id*. at 687. The alleged errors or omissions must be evaluated from counsel's perspective at the time the conduct occurred and under the circumstances of the particular case. *Strickland*, 466 U.S. at 689. Second, the petitioner must show counsel's performance so prejudiced him that the result is unreliable. *Id*. at 687. A petitioner can establish this second prong of the test if he shows that there is a reasonable probability, but for counsel's egregious error, the result of the proceeding would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

### B. Advice Not to Appeal Sentence

It appears from a letter dated April 4, 2008, from attorney Ferro to Petitioner, that attorney Ferro advised Petitioner that his sentence was within the guideline range and was supported by the record and that there were no other valid grounds to appeal. (Govt.'s Resp. to Petr.'s Mot., Ex. 1.) Counsel memorialized in that letter that Petitioner had elected not to appeal and if he changed his mind, he was to let counsel know before the time period to appeal ran out. (*Id*.) The record on this issue does not support a finding of professional irresponsibility.

### C. Erroneous Guideline Calculation

In the initial presentence report dated January 10, 2008, Petitioner's guideline range was calculated at 188 to 235 months based on an offense level of 31 and a criminal history of VI. The statutory provisions carried a ten year mandatory minimum to life imprisonment. On March 18, 2008, a revised presentence report was filed. The amended presentence report was required because it was determined that, pursuant to USSG § 4B1.1, Defendant was considered a career criminal and, pursuant to USSG § 4B1.1, his offense level automatically became level 37. After a three point reduction for acceptance of responsibility, his offense level became 34 with a guideline range of 262-327 months. After consideration of a 5K1.1 motion for substantial assistance, the court imposed a sentence of 210 months.

Petitioner was advised several times during his plea hearing that he faced a minimum term of imprisonment of 10 years and a maximum term of life. He was also advised that if his guideline range calculation made by counsel was different than that ultimately decided by the court, he could not withdraw his guilty plea.[1]

Counsel could have argued against the ultimate guideline range and it would not have resulted in a different calculation because the calculation in the revised presentence report is correct. There is no finding of incompetency on this issue.

---

[1] Transcript of the plea colloquy has been not been prepared but this advice is standard in all plea proceedings before this court.

### D. Miscellaneous Errors

Petitioner does not factually state what questions were unanswered by counsel, what explanations were not received, what presentencing issues were not explained, etc. Above all, Petitioner does not explain how the conclusory allegations would have led to a different outcome in this case.

### III. <u>Conclusion</u>

The record in this case demonstrates that counsel kept his client advised, argued vigorously for a departure for substantial assistance, and did not fail to act on any issue that would have brought about a different outcome in this case. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: August 4, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-07-146-01
:
**v.** :
:
**RAYVON WILLIAMSON** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition filed pursuant to 28 U.S.C. § 2255 is dismissed for failure to state a claim.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                                      s/Sylvia H. Rambo
                                                 United States District Judge

Dated: August 4, 2009.